IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NAFSA: ASSOCIATION OF<br>   INTERNATIONAL EDUCATORS,<br>1307 New York Ave., N.W., Eighth Floor<br>Washington, D.C. 20005-4701,<br>                          Plaintiff,<br>v.<br><br>SUZANNE BRUMMETT and<br>SUZANNE BLOUGH,<br>d/b/a VISABASICS,<br>                         Defendants. | Case No. |

## COMPLAINT

**I.    PARTIES**

### Plaintiff NAFSA

1.    NAFSA: Association of International Educators ("NAFSA" or "Plaintiff") is a domestic nonprofit corporation organized and existing under the laws of the District of Columbia with its principal place of business in Washington, D.C.  NAFSA is a tax-exempt charitable organization promoting international education and providing professional development opportunities.  Since its inception in 1948, NAFSA has been engaged in setting standards and encouraging ethical conduct among individuals, institutions, and organizations active in the field of international educational exchange.

2.    NAFSA's activities include the publication and distribution of the NAFSA Adviser's Manual of Federal Regulations Affecting Foreign Students and Scholars (the "NAFSA Adviser's Manual").  Revenue from sales of the NAFSA Adviser's Manual represents a substantial part of NAFSA's operating revenue.

**Defendant Brummett**

3.    On information and belief, Defendant Suzannne Brummett ("Brummett," "Defendant Brummett," or, collectively with Defendant Suzanne Blough, one of the "Defendants") is a natural person residing in California, with a business address at VisaBasics in Laguna Hills, California.  Defendant Brummett is a practicing immigration attorney admitted to the bar in or about 1987 and is the Principal and Founder of VisaBasics: The Online Immigration Source for U.S. Study and Research ("VisaBasics"), which is described more fully in Paragraph 5, below.

**Defendant Blough**

4.    On information and belief, Defendant Suzannne Blough ("Blough," "Defendant Blough," or, collectively with Defendant Brummett, one of the "Defendants") is a natural person residing in Georgia, with a business address at VisaBasics in Laguna Hills, California. Defendant Blough is a non-lawyer immigration counselor who has been involved in the field of immigration and international exchange for approximately 20 years.  Defendant Blough currently acts as International Student and Scholar Specialist for VisaBasics, which is described more fully in Paragraph 5, below.

**VisaBasics**

5.    On information and belief, VisaBasics is a fictitious name employed by Defendants Brummett and Blough, and perhaps others, for an unincorporated dot-com business providing material on Federal regulations affecting foreign students, much of which is substantially similar to material in the NAFSA Adviser's Manual.  The VisaBasics material is available at the Internet addresses www.visabasics.com, www.usvisacampus.com, and perhaps

other Internet addresses as well.

## II.    JURISDICTION AND VENUE

### Certain Facts Relevant to Jurisdiction and Venue

6.      According to the VisaBasics web site, Defendant Brummett is the Principal and Founder of VisaBasics.  On or about July 25, 2005, Defendant Brummett endorsed a check payable to the order of NAFSA, which was used to pay NAFSA for Defendant Blough's NAFSA membership for the period July 1, 2005 through June 30, 2006.  The check includes the handwritten notation, "VisaBasics/Suzanne Blough."  On or about April 15, 2005, Defendant Brummett endorsed a check payable to the order of NAFSA with the handwritten notation "brochure display stand," which was used to obtain from NAFSA the right to promote VisaBasics at a May 2005 NAFSA conference.  Both checks were drawn on an account in the name of "Law Offices of Suzanne G. Brummett."  In addition, a registration fee paid to NAFSA for the same NAFSA conference was charged to a credit card in Defendant Brummett's name.

7.      According to the VisaBasics web site, Defendant Blough is an International Student and Scholar Specialist and has been a dues-paying member of NAFSA since 1985.  For the period July 1, 2004 through June 30, 2005, Blough's dues payment was paid to NAFSA by a charge to a credit card in Defendant Blough's name.  For the period July 1, 2005 through June 30, 2006, Blough's NAFSA dues payment was made to NAFSA by a check payable to the order of NAFSA, which was drawn on an account in the name of "Law Offices of Suzanne G. Brummett" and endorsed by Defendant Brummett.  As alleged in Paragraph 6, the check includes the handwritten notation, "VisaBasics/Suzanne Blough."

8. On or about October 31, 2005, Defendant Blough sent an email to NAFSA's Director for Immigration Practice Resources in Washington, D.C., which was also addressed to Defendant Brummett as a "cc:" recipient. The email offered to provide NAFSA with access to the VisaBasics web site. The email stated, among other things:

- "We would like to invite you to preview our site in the hopes that NAFSA will endorse this as an effective immigration resource";

- "Once you have had a chance to look over the site, we would greatly appreciate an opportunity to speak with you"; and

- "Should you have any questions, or be in need of additional information, please do not hesitate to contact me . . . or Suzanne Brummett."

### Subject-Matter Jurisdiction

9. Subject-matter jurisdiction over the copyright infringement claim alleged in this Complaint arises pursuant to 28 U.S.C. § 1338(a), which provides, in relevant part: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights."

### Venue

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial district, including, as described in Paragraphs 6, 7 and 8: (a) Defendant Blough's long-standing membership in NAFSA, (b) transactions between Defendant Brummett and NAFSA, and between Defendant Blough and NAFSA, to maintain Defendant Blough's NAFSA membership; (c) transactions between Defendant Brummett and NAFSA to obtain the right to attend and to promote VisaBasics at a May 2005 NAFSA conference; and (d) an email

solicitation by Defendant Blough, acting with and on behalf of Defendant Brummett, offering to provide NAFSA with access to the VisaBasics web site in exchange for input regarding the site from NAFSA's Director for Immigration Practice Resources.

### Personal Jurisdiction

11. Personal jurisdiction over Defendant Brummett arises pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and the District of Columbia Code, § 13-423(a)(1). Defendant Brummett transacted business in the District of Columbia by, among other things, paying for Defendant Blough's NAFSA membership, as well as purchasing from NAFSA the right to attend and to promote VisaBasics at a May 2005 NAFSA conference, as alleged in Paragraphs 6, 7 and 10. In addition, as Principal and Founder of VisaBasics, Defendant Brummett was the principal for whom Defendant Blough acted when she sent an email solicitation to NAFSA's Director for Immigration Practice Resources, as alleged in Paragraphs 8 and 10. The claims for copyright infringement and breach of contract alleged in this Complaint arise from the business transacted by Defendant Brummett in the District of Columbia, as alleged in this Complaint.

12. Personal jurisdiction over Defendant Blough arises pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and the District of Columbia Code, § 13-423(a)(1). Defendant Blough transacted business in the District of Columbia by, among other things, maintaining a membership in NAFSA throughout the time period relevant to this Complaint, as alleged in Paragraphs 7 and 10. Defendant Blough also solicited NAFSA's Director for Immigration Practice Resources on behalf of VisaBasics as alleged in Paragraphs 8, 10 and 11. The claims for copyright infringement and breach of contract alleged in this Complaint arise from the business transacted by Defendant Blough in the District of Columbia, as alleged in this Complaint.

### III.  BACKGROUND FACTS

### The NAFSA Adviser's Manual

13.     NAFSA has developed an original manual on aspects of U.S. immigration law relating to foreign students and scholars, entitled NAFSA Adviser's Manual of Federal Regulations Affecting Foreign Students and Scholars (the "NAFSA Adviser's Manual").  While the NAFSA Adviser's Manual covers a subject which is factual in nature, the work provides a wholly original expression of the relevant subject matter, except to the extent it sets forth the text of statutes, regulations, and other governmental documents.  The NAFSA Adviser's Manual is protected by copyright under the laws of the United States.  The NAFSA Adviser's Manual has been regularly updated and republished.

14.     The NAFSA Adviser's Manual is registered with the U.S. Copyright Office as a Derivative Work or Compilation, with the 2005 version based in part on copyrighted work from 2004, 2003, 2001, and 2000 releases, as well as the 1998 and prior editions dating back at least to the 1980s.  The Copyright Registration Number for the 2005 version of the NAFSA Adviser's Manual is TX 6-256-460, effective as of November 2, 2005.

15.     At all times relevant to this Complaint, NAFSA has been and continues to be the sole proprietor of all rights, title, and interest in and to the copyright in the NAFSA Adviser's Manual.

16.     At all times relevant to this Complaint, Defendants Brummett and Blough have had access to the NAFSA Adviser's Manual.

### Defendants' Connection to NAFSA

17.   In applying for NAFSA membership for the year beginning July 1, 2005, Defendant Blough identified herself as an employee of VisaBasics. Defendant Blough's NAFSA membership dues for the current NAFSA membership year were paid by a check drawn on an account in the name of "Law Offices of Suzanne G. Brummett," which was payable to the order of NAFSA and endorsed by Defendant Brummett with the handwritten notation, "VisaBasics/ Suzanne Blough." According to the VisaBasics web site, Defendant Blough has been a member of NAFSA since 1985.

18.   Defendant Brummett made arrangements for Defendant Blough and/or Defendant Brummett to attend a NAFSA conference in Seattle, Washington, in or about May 2005 for the purpose of promoting VisaBasics. Payments on behalf of VisaBasics to NAFSA relating to that conference were made by a charge to a credit card in the name of Defendant Brummett and by a check drawn on an account in the name of "Law Offices of Suzanne G. Brummett," which was payable to the order of NAFSA and endorsed by Defendant Brummett with the handwritten notation, "brochure display stand."

### Defendants' VisaBasics Web Site

19.   In an email dated October 31, 2005, Defendant Blough stated to NAFSA's Director for Immigration Practice Resources:

> As the former Director of the International Center at the University of California, Irvine, I am intimately familiar with the challenges of creating and maintaining a comprehensive, user-friendly, and up-to-date regulatory website for the institution's international student and scholar populations. Based upon my experiences, and that of numerous colleagues, we designed VisaBasics.com to take the guesswork and frustration out of locating the most current and accurate immigration information relevant for study and/or research in the United States.

The same email was sent to Defendant Brummett as a "cc:" recipient. One purpose of this email was to solicit NAFSA's business. Another purpose may have been to make NAFSA aware of Defendants' infringement of the NAFSA Adviser's Manual and so to trigger the accrual of a copyright infringement claim for statute of limitations purposes, pursuant to 17 U.S.C. § 507(b).

20. Using the password-protected access to the VisaBasics website provided by Defendants Blough and Brummett, NAFSA discovered that the site contains extensive portions of material copied from the NAFSA Adviser's Manual.

21. By way of example and not of limitation, Items 1-5 under "Overview of F-1 Practical Training" on the VisaBasics web site as shown in Exhibit 1 to this Complaint, which is incorporated herein by reference, correspond closely to Items 3.19.3.1 – 3.19.3.5 of the NAFSA Adviser's Manual as shown in Exhibit 2 to this Complaint, which is also incorporated herein by reference. In particular, Items 2-5 of the web site (Exhibit 1) very closely track Items 3.19.3.2 – 3.19.3.5 of the Manual (Exhibit 2). In addition, the "Practice note" concerning the "Status of this exception under SEVIS" (Exhibit 2 at NAFSA 004) has been carried over to the VisaBasics web site. (Exhibit 1 at NAFSA 002) The copying of the NAFSA Adviser's Manual by VisaBasics is not limited to this example. There are many other similar instances of copying of the NAFSA Adviser's Manual on the VisaBasics web site.

22. The VisaBasics web site identifies the material copied from the NAFSA Adviser's Manual as being subject to a copyright owned by Defendant Brummett.

23. The conduct of Defendants Brummett and Blough as alleged in this Complaint is willful and outrageous, showing a complete disregard for the rights of NAFSA.

IV.  COUNT

## Copyright Infringement

24. Each and every allegation of Paragraphs 1-23 is incorporated by reference as if fully restated herein.

25. NAFSA owns a valid copyright in the NAFSA Adviser's Manual.

26. Defendants Brummett and Blough have had access to the NAFSA Adviser's Manual.

27. Material on the VisaBasics web site is substantially similar to material in the NAFSA Adviser's Manual.

28. Defendants Blough and Brummett copied the copyrighted NAFSA Adviser's Manual.

29. NAFSA is harmed by the copyright infringement of Defendants Blough and Brummett.

30. The conduct of Defendants Brummett and Blough alleged herein is willful and outrageous, showing a complete disregard for the rights of NAFSA.

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the foregoing, Plaintiff hereby prays for relief as follows:

a. Compensatory damages.

b. Recovery of the infringers' profits under the Copyright Act.

c. Recovery of costs and attorneys fees of bringing this action, to the extent permitted by law.

d. Punitive damages.

    e.    Injunctive relief requiring Defendants to stop infringing Plaintiff's copyrighted work.

    f.    Injunctive relief requiring Defendants to stop claiming authorship or copyright ownership of Plaintiff's copyrighted work.

    g.    Injunctive relief requiring Defendants to eliminate all extant claims of authorship or copyright ownership of Plaintiff's copyrighted work.

    h.    Such other legal and equitable relief as this Court deems to be appropriate.

## JURY DEMAND

Trial by jury is demanded.

Date: February 9, 2006

Respectfully submitted,

*(signature)*

Robert N. Cook (Bar No. 426058)
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-9400 (fax)

Counsel for Plaintiff
NAFSA: ASSOCIATION OF
    INTERNATIONAL EDUCATORS

Of Counsel:

Michael E. Whitham
Philana S. Handler
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-9400 (fax)