ATTACHMENT TWO
*Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2)*


Settlement Agreement with Defendant Suzanne Brummett

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made in the city of Washington, D.C., by and between NAFSA: Association of International Educators ("NAFSA") and Suzanne Brummett ("Brummett"), to become effective as of the Effective Date as defined hereinbelow.

WITNESSETH:

WHEREAS, NAFSA, a tax-exempt charitable organization promoting international education and providing professional development opportunities, has developed a manual on aspects of U.S. immigration law relating to foreign students and scholars, entitled NAFSA Adviser's Manual of Federal Regulations Affecting Foreign Students and Scholars (the "NAFSA Adviser's Manual"), which is protected by copyright under the laws of the United States;

WHEREAS, Brummett, a practicing immigration attorney, is the Principal and Founder of VisaBasics: The Online Immigration Source for U.S. Study and Research ("VisaBasics"), which is an unincorporated business providing material via the Internet concerning Federal regulations affecting foreign students;

WHEREAS, Suzanne Blough ("Blough"), a non-lawyer immigration counselor who has been a member of NAFSA since 1985, was formerly the International Student and Scholar Specialist for VisaBasics;

WHEREAS, on February 10, 2006, NAFSA filed, but has not served, a one-count complaint against Brummett and Blough in the U.S. District Court for the District of Columbia, Case No.1:06CV00243 (the "Complaint"), alleging that the VisaBasics web site includes material that infringes the NAFSA Adviser's Manual; and

WHEREAS, NAFSA, Brummett, and Blough have reached amicable settlements of the dispute alleged in the Complaint, as represented in separate settlement agreements between NAFSA and Brummett on one hand and between NAFSA and Blough on the other hand:

NOW, THEREFORE, in consideration of the premises contained in this Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged by the Parties, NAFSA and Brummett hereby agree as follows:

1. **Definitions**

    1.1.    The term "Blough" shall mean Suzanne Blough, a natural person residing at 1228 Vista Leaf Drive, Decatur, Georgia 30033.  Blough was formerly the International Student and Scholar Specialist for VisaBasics and has been a dues-paying member of NAFSA since 1985.

1.2.    The term "Brummett" shall mean Suzanne Brummett, a natural person with a business address at 23046 Avenida de la Carlota, Suite 600, Laguna Hills, California 92653. Brummett is the Principal and Founder of VisaBasics.

1.3.    The term "Complaint" shall mean the Complaint filed against Brummett and Blough February 10, 2006, in the U.S. District Court for the District of Columbia, Case No. 1:06CV00243, alleging that the VisaBasics web site infringes the NAFSA Adviser's Manual. The Complaint is attached to this Agreement as Attachment A and is incorporated herein by reference. The Parties hereby stipulate and agree that attachment of the Complaint to this Agreement shall not constitute service of the Complaint pursuant to the Federal Rules of Civil Procedure.

1.4.    The term "Effective Date" shall mean the date as of which this Agreement is fully executed by the Parties, as indicated hereinbelow.

1.5.    The term "February 10 Letter" shall mean the letter dated February 10, 2006, sent to Brummett and Blough on behalf of NAFSA, which, without serving the Complaint, notified them of the copyright infringement allegations of the Complaint. The February 10 Letter is attached to this Agreement as Attachment B and is incorporated herein by reference.

1.6.    The term "NAFSA" shall mean NAFSA: Association of International Educators, a domestic nonprofit corporation organized and existing under the laws of the District of Columbia with its principal place of business located at 1307 New York Ave., N.W., Eighth Floor Washington, D.C. 20005.

1.7.    The term "NAFSA Adviser's Manual" shall mean the NAFSA Adviser's Manual of Federal Regulations Affecting Foreign Students and Scholars, including but not limited to all previous, current, and future versions and revisions of the NAFSA Adviser's Manual.

1.8.    The term "Party" shall mean either Brummett or NAFSA, and the term "Parties" shall mean Brummett and NAFSA.

1.9.    The term "VisaBasics" shall mean the unincorporated business providing, via the Internet, material on Federal regulations affecting foreign students and scholars under the name, "VisaBasics: The Online Immigration Source for U.S. Study and Research," as well as any successor or subsequent business operated in whole or in part to provide information on Federal regulations affecting foreign students and scholars.

## 2.    Agreement of the Parties

2.1.    Each of the Parties agrees that NAFSA has been and continues to be the sole proprietor of all rights, title, and interest in and to the copyright in the NAFSA Adviser's Manual.

2.2.     Brummett shall permanently forebear from publishing, either on the VisaBasics web site or elsewhere, any materials on Federal regulations affecting foreign students or scholars that are substantially similar to the NAFSA Adviser's Manual or any other NAFSA materials; such forebearance shall include, but shall not be limited to, the permanent removal of any materials that are substantially similar to the NAFSA Adviser's Manual from the VisaBasics web site.

2.3.     Access to the VisaBasics website will be limited to Brummett and the VisaBasics website administrator until the sections of the VisaBasics website relating to F, J, and M status and the glossary have been rewritten to remove any material infringing the NAFSA Adviser's Manual.

2.4.     Any reference to NAFSA will be removed from the VisaBasics website, including, but not limited to, the reference to NAFSA in the biography of Blough in the "About Us" section of the VisaBasics website, which refers to Blough's membership in NAFSA. Blough will not participate in the rewriting of the VisaBasics website and will no longer be associated with it nor will she be hired to write its content.

2.5.     Brummett will not participate or attend any future NAFSA conference or event as a sponsor, participant or attorney, nor shall Brummett refer to any prior sponsorship or participation at a NAFSA conference in any marketing materials relating to VisaBasics or otherwise relating to Federal regulations affecting foreign students or scholars.

2.6.     Brummett shall each, within ten days after the Effective Date, serve on NAFSA an original Affidavit, in the form attached to this Agreement as Attachment C, acknowledging the facts of infringement as alleged in the Complaint and affirming under penalty of perjury that Brummett has complied with Sections 2.2, 2.3, and 2.4 of this Agreement.  NAFSA shall promptly notify Brummett when NAFSA receives an affidavit from Blough pursuant to a separate settlement agreement with Blough.

2.7.     NAFSA shall, within ten days after receipt of the Affidavits described in Section 2.6, file with the Court a Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2) in substantially the form attached to this Agreement as Attachment D and incorporated herein by reference.

2.8.     With the exception of the obligations of Brummett under this Agreement, and subject to the Court's dismissal of the Complaint without prejudice, pursuant to the Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2) described in Section 2.7, NAFSA, for itself and for its related entities, directors and management, officers, successors, assigns, heirs, legal representatives, agents, principals, employees, and insurers, hereby fully and finally releases and forever discharges Brummett , and her attorneys, successors, assigns, heirs, legal representatives, agents, principals, employees, and insurers, from any and all contracts, claims, demands, damages, causes of actions, suits or causes of suits of any kind or nature whatsoever, known or unknown, suspected or unsuspected, arising out of the subject matter of this Agreement and/or the Complaint occurring on or before the Effective Date.

2.9     Brummett agrees that, in the event she breaches her obligations under Section 2.2 of this Agreement, she will pay NAFSA liquidated damages in the amount of the maximum statutory damages for copyright infringement provided under 17 U.S.C. § 504(c), which is currently $150,000.00. Brummett understands and agrees that payment of liquidated damages for any such breach of the agreement is not a penalty but reflects a reasonable and fair estimate of damages to NAFSA for its investigatory time and costs, and any lost revenues from such conduct, attorneys' fees necessary to respond to such breach; provided, however, the obligation to pay such liquidated damages does not in any way limit any other remedies available to NAFSA for such breach, including, but not limited to, the right to obtain any other monetary remedies or injunctive relief; and further provided, however, such liquidated damages shall be in addition to, and not in place of, any award of attorneys' fees, costs, and damages recovered in a suit, action, or other legal proceeding arising out of this Agreement, as discussed in Section 4.3 of this Agreement. .

2.9.    Notwithstanding any provision of this Agreement to the contrary, Brummett and Blough are permitted to publish, either on a VisaBasics web site or elsewhere, materials on Federal regulations affecting foreign students or scholars which are not substantially similar to the NAFSA Adviser's Manual or any other NAFSA materials.

## 3.    Representations and Warranties

3.1.    NAFSA hereby represents and warrants that it has the right and freedom to enter into this Agreement and has taken all necessary steps to authorize its representative whose signature appears below to execute this Agreement on behalf of NAFSA, such that this Agreement will constitute the valid and legally binding obligation of NAFSA and Brummett, enforceable in accordance with its terms.

3.2.    Brummett hereby represents and warrants as follows:

3.2.1.    Brummett has the right and freedom to enter into this Agreement, such that this Agreement will constitute the valid and legally binding obligation of NAFSA and Brummett, enforceable in accordance with its terms.

3.2.2.    There is no person other than Brummett whose participation is necessary to make this Agreement binding with respect to the obligations of VisaBasics.

3.2.3.    Those portions of the F-status section of the VisaBasics web site that have been identified by NAFSA as substantially similar to the NAFSA Adviser's Manual have been taken down pending review and rewriting pursuant to Section 2.3 of this Agreement.

3.2.4.    The J- and M-status sections of the VisaBasics web site, along with its glossary, have been taken down pending review and rewriting pursuant to Section 2.3 of this Agreement.

4.    **Miscellaneous**

4.1.    <u>Notices</u>.  All notices, requests, demands, and other communications hereunder shall be in writing and shall be deemed to have been duly given if personally delivered or if mailed, by certified or registered mail, postage prepaid, to the Parties at the following addresses (or such other addresses that shall be given in writing by any Party to another):

If to NAFSA:

> Marlene Johnson
> Chief Executive Officer
> NAFSA: Association of International Educators
> 1307 New York Ave., N.W., Eighth Floor
> Washington, D.C. 20005

with a copy to:

> Whitham, Curtis, Christofferson & Cook, P.C.
> 11491 Sunset Hills Road, Suite 340
> Reston, Virginia 20190
> Attn.:  Robert N. Cook

If to Brummett:

> Suzanne Brummett
> 23046 Avenida de la Carlota, Suite 600
> Laguna Hills, CA  92653

with a copy to:

> Law Offices of Eric A. Hanscom
> 6994 El Camino Real, Suite 204
> Carlsbad, California  92009
> Attn.: Eric A. Hanscom

4.2.    <u>Modification</u>.  No alterations or variations of the terms and provisions of this Agreement shall be valid unless made in writing and signed by all of the Parties hereto or their successors or assigns.

4.3    <u>Governing Law and Jurisdiction</u>.  This Agreement shall be construed and governed by the laws of the District of Columbia and of the United States of America; provided, however, this Agreement shall be construed without regard to any presumption or rule requiring construction or interpretation against the party drafting or causing any instrument to be drafted. Any legal claims which may arise from this Agreement shall be brought before and settled by the

United States District Court for District of Columbia or, if for any reason that court lacks jurisdiction, the Superior Court of the District of Columbia (collectively, the "Courts"). For the purposes of any suit, action, or other legal proceeding arising out of this Agreement, each Party irrevocably submits to the jurisdiction of the Courts and further agrees that service of any process, summons, notice, or document by U.S. registered mail to such Party's address as set forth in Section 4.1 of this Agreement shall be effective service of such process. Each Party acknowledges that any violation or threatened violation of this Agreement would cause irreparable injury, entitling the aggrieved Party to obtain injunctive relief (including, but not limited to, specific enforcement of this Agreement) in addition to all legal remedies. All rights and remedies of the Parties under this Agreement shall be cumulative and in addition to all other rights and remedies provided under this Agreement or otherwise available by agreement, at law, in equity, or otherwise. In the event any Party finds it necessary to institute any suit, action, or other legal proceeding arising out of this Agreement, the Parties hereby agree and stipulate that any and all reasonable attorneys' fees and costs associated with such action will be paid to the prevailing Party by the non-prevailing Party.

4.3.    <u>Counterparts</u>. This Agreement may be executed simultaneously in two or more parts, each of which shall be deemed an original, but all of which together will constitute one and the same instrument.

4.4.    <u>Nonwaiver</u>. Neither the failure of any Party to enforce at any time any of the provisions of this Agreement nor the granting at any time of any other indulgence shall be construed as a waiver of that provision or of the right of any Party afterwards to enforce that or any other provision. This Agreement may not be amended, nor any obligation waived, except by a writing signed by the Parties.

4.5.    <u>Attachments</u>. All attachments referred to in this Agreement shall be attached hereto and are incorporated herein by reference.

4.6.    <u>Survivability</u>. The obligations of each Party shall survive any termination or expiration of this Agreement.

4.7.    <u>Severability</u>. This Agreement shall be deemed severable, and if any provision of this Agreement is rendered or deemed void, unenforceable, or otherwise ineffective by operation of law, the other provisions of this Agreement shall not be affected and shall remain in full force and effect, and the Parties shall negotiate in good faith to replace such illegal, void or unenforceable provision with a provision that corresponds as closely as possible to the intentions of the Parties as expressed by such illegal, void or unenforceable provision.

4.8.    <u>Entire Agreement</u>. This Agreement contains the final and complete contract of the Parties and supersedes all prior oral or written promises, undertakings, understandings or negotiations concerning the subject matter of this Agreement. This Agreement shall inure to the benefit of and be binding upon the Parties and their successors and assigns.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed this _____ day of March __, 2006.

SUZANNE BRUMMETT

Suzanne Brummett
Principal and Founder
VisaBasics
23046 Avenida de la Carlota, Suite 600
Laguna Hills, California 92653

NAFSA

Marlene Johnson
Chief Executive Officer
NAFSA
1307 New York Ave., N.W., Eighth Floor
Washington, D.C. 20005

Attachment A

Complaint filed February 10, 2006

*NAFSA v. Brummett and Blough*, Case No. 1:06CV000243 (D.D.C.)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

NAFSA: ASSOCIATION OF )
    INTERNATIONAL EDUCATORS, )
                   Plaintiff, )
                                    )
v.                                    )
                                    )   Case No.
SUZANNE BRUMMETT and )
SUZANNE BLOUGH, )
d/b/a VISABASICS, )
                   Defendants. )
_____)

## COMPLAINT

**I.    PARTIES**

**Plaintiff NAFSA**

1.    NAFSA: Association of International Educators ("NAFSA" or "Plaintiff") is a domestic nonprofit corporation organized and existing under the laws of the District of Columbia with its principal place of business in Washington, D.C.  NAFSA is a tax-exempt charitable organization promoting international education and providing professional development opportunities.  Since its inception in 1948, NAFSA has been engaged in setting standards and encouraging ethical conduct among individuals, institutions, and organizations active in the field of international educational exchange.

2.    NAFSA's activities include the publication and distribution of the NAFSA Adviser's Manual of Federal Regulations Affecting Foreign Students and Scholars (the "NAFSA Adviser's Manual").  Revenue from sales of the NAFSA Adviser's Manual represents a substantial part of NAFSA's operating revenue.

**Defendant Brummett**

3.      On information and belief, Defendant Suzannne Brummett ("Brummett,"

"Defendant Brummett," or, collectively with Defendant Suzanne Blough, one of the

"Defendants") is a natural person residing in California, with a business address at VisaBasics in

Laguna Hills, California.  Defendant Brummett is a practicing immigration attorney admitted to

the bar in or about 1987 and is the Principal and Founder of VisaBasics: The Online Immigration

Source for U.S. Study and Research ("VisaBasics"), which is described more fully in

Paragraph 5, below.

**Defendant Blough**

4.      On information and belief, Defendant Suzannne Blough ("Blough,"  "Defendant

Blough," or, collectively with Defendant Brummett, one of the "Defendants") is a natural person

residing in Georgia, with a business address at VisaBasics in Laguna Hills, California.

Defendant Blough is a non-lawyer immigration counselor who has been involved in the field of

immigration and international exchange for approximately 20 years.  Defendant Blough currently

acts as International Student and Scholar Specialist for VisaBasics, which is described more fully

in Paragraph 5, below.

**VisaBasics**

5.      On information and belief, VisaBasics is a fictitious name employed by

Defendants Brummett and Blough, and perhaps others, for an unincorporated dot-com business

providing material on Federal regulations affecting foreign students, much of which is

substantially similar to material in the NAFSA Adviser's Manual.  The VisaBasics material is

available at the Internet addresses www.visabasics.com, www.usvisacampus.com, and perhaps

2

other Internet addresses as well.

## II.    JURISDICTION AND VENUE

### Certain Facts Relevant to Jurisdiction and Venue

6.      According to the VisaBasics web site, Defendant Brummett is the Principal and

Founder of VisaBasics.  On or about July 25, 2005, Defendant Brummett endorsed a check

payable to the order of NAFSA, which was used to pay NAFSA for Defendant Blough's NAFSA

membership for the period July 1, 2005 through June 30, 2006.  The check includes the

handwritten notation, "VisaBasics/Suzanne Blough."  On or about April 15, 2005, Defendant

Brummett endorsed a check payable to the order of NAFSA with the handwritten notation

"brochure display stand," which was used to obtain from NAFSA the right to promote

VisaBasics at a May 2005 NAFSA conference.  Both checks were drawn on an account in the

name of "Law Offices of Suzanne G. Brummett."  In addition, a registration fee paid to NAFSA

for the same NAFSA conference was charged to a credit card in Defendant Brummett's name.

7.      According to the VisaBasics web site, Defendant Blough is an International

Student and Scholar Specialist and has been a dues-paying member of NAFSA since 1985.  For

the period July 1, 2004 through June 30, 2005, Blough's dues payment was paid to NAFSA by a

charge to a credit card in Defendant Blough's name.  For the period July 1, 2005 through

June 30, 2006, Blough's NAFSA dues payment was made to NAFSA by a check payable to the

order of NAFSA, which was drawn on an account in the name of "Law Offices of Suzanne G.

Brummett" and endorsed by Defendant Brummett.  As alleged in Paragraph 6, the check includes

the handwritten notation, "VisaBasics/Suzanne Blough."

3

8.      On or about October 31, 2005, Defendant Blough sent an email to NAFSA's Director for Immigration Practice Resources in Washington, D.C., which was also addressed to Defendant Brummett as a "cc:" recipient.  The email offered to provide NAFSA with access to the VisaBasics web site.  The email stated, among other things:

- "We would like to invite you to preview our site in the hopes that NAFSA will endorse this as an effective immigration resource";

- "Once you have had a chance to look over the site, we would greatly appreciate an opportunity to speak with you"; and

- "Should you have any questions, or be in need of additional information, please do not hesitate to contact me . . . or Suzanne Brummett."

### Subject-Matter Jurisdiction

9.      Subject-matter jurisdiction over the copyright infringement claim alleged in this Complaint arises pursuant to 28 U.S.C. § 1338(a), which provides, in relevant part:  "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights."

### Venue

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).  A substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial district, including, as described in Paragraphs 6, 7 and 8: (a) Defendant Blough's long-standing membership in NAFSA, (b) transactions between Defendant Brummett and NAFSA, and between Defendant Blough and NAFSA, to maintain Defendant Blough's NAFSA membership; (c) transactions between Defendant Brummett and NAFSA to obtain the right to attend and to promote VisaBasics at a May 2005 NAFSA conference; and (d) an email

4

solicitation by Defendant Blough, acting with and on behalf of Defendant Brummett, offering to provide NAFSA with access to the VisaBasics web site in exchange for input regarding the site from NAFSA's Director for Immigration Practice Resources.

### Personal Jurisdiction

11.    Personal jurisdiction over Defendant Brummett arises pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and the District of Columbia Code, § 13-423(a)(1).  Defendant Brummett transacted business in the District of Columbia by, among other things, paying for Defendant Blough's NAFSA membership, as well as purchasing from NAFSA the right to attend and to promote VisaBasics at a May 2005 NAFSA conference, as alleged in Paragraphs 6, 7 and 10.  In addition, as Principal and Founder of VisaBasics, Defendant Brummett was the principal for whom Defendant Blough acted when she sent an email solicitation to NAFSA's Director for Immigration Practice Resources, as alleged in Paragraphs 8 and 10.  The claims for copyright infringement and breach of contract alleged in this Complaint arise from the business transacted by Defendant Brummett in the District of Columbia, as alleged in this Complaint.

12.    Personal jurisdiction over Defendant Blough arises pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and the District of Columbia Code, § 13-423(a)(1).  Defendant Blough transacted business in the District of Columbia by, among other things, maintaining a membership in NAFSA throughout the time period relevant to this Complaint, as alleged in Paragraphs 7 and 10.  Defendant Blough also solicited NAFSA's Director for Immigration Practice Resources on behalf of VisaBasics as alleged in Paragraphs 8, 10 and 11.  The claims for copyright infringement and breach of contract alleged in this Complaint arise from the business transacted by Defendant Blough in the District of Columbia, as alleged in this Complaint.

III.    **BACKGROUND FACTS**

**The NAFSA Adviser's Manual**

13.    NAFSA has developed an original manual on aspects of U.S. immigration law relating to foreign students and scholars, entitled NAFSA Adviser's Manual of Federal Regulations Affecting Foreign Students and Scholars (the "NAFSA Adviser's Manual").  While the NAFSA Adviser's Manual covers a subject which is factual in nature, the work provides a wholly original expression of the relevant subject matter, except to the extent it sets forth the text of statutes, regulations, and other governmental documents.  The NAFSA Adviser's Manual is protected by copyright under the laws of the United States.  The NAFSA Adviser's Manual has been regularly updated and republished.

14.    The NAFSA Adviser's Manual is registered with the U.S. Copyright Office as a Derivative Work or Compilation, with the 2005 version based in part on copyrighted work from 2004, 2003, 2001, and 2000 releases, as well as the 1998 and prior editions dating back at least to the 1980s.  The Copyright Registration Number for the 2005 version of the NAFSA Adviser's Manual is TX 6-256-460, effective as of November 2, 2005.

15.    At all times relevant to this Complaint, NAFSA has been and continues to be the sole proprietor of all rights, title, and interest in and to the copyright in the NAFSA Adviser's Manual.

16.    At all times relevant to this Complaint, Defendants Brummett and Blough have had access to the NAFSA Adviser's Manual.

6

**Defendants' Connection to NAFSA**

17.     In applying for NAFSA membership for the year beginning July 1, 2005,

Defendant Blough identified herself as an employee of VisaBasics. Defendant Blough's NAFSA

membership dues for the current NAFSA membership year were paid by a check drawn on an

account in the name of "Law Offices of Suzanne G. Brummett," which was payable to the order

of NAFSA and endorsed by Defendant Brummett with the handwritten notation, "VisaBasics/

Suzanne Blough." According to the VisaBasics web site, Defendant Blough has been a member

of NAFSA since 1985.

18.     Defendant Brummett made arrangements for Defendant Blough and/or Defendant

Brummett to attend a NAFSA conference in Seattle, Washington, in or about May 2005 for the

purpose of promoting VisaBasics. Payments on behalf of VisaBasics to NAFSA relating to that

conference were made by a charge to a credit card in the name of Defendant Brummett and by a

check drawn on an account in the name of "Law Offices of Suzanne G. Brummett," which was

payable to the order of NAFSA and endorsed by Defendant Brummett with the handwritten

notation, "brochure display stand."

**Defendants' VisaBasics Web Site**

19.     In an email dated October 31, 2005, Defendant Blough stated to NAFSA's

Director for Immigration Practice Resources:

> As the former Director of the International Center at the University of California,
> Irvine, I am intimately familiar with the challenges of creating and maintaining a
> comprehensive, user-friendly, and up-to-date regulatory website for the
> institution's international student and scholar populations. Based upon my
> experiences, and that of numerous colleagues, we designed VisaBasics.com to
> take the guesswork and frustration out of locating the most current and accurate
> immigration information relevant for study and/or research in the United States.

7

The same email was sent to Defendant Brummett as a "cc:" recipient. One purpose of this email was to solicit NAFSA's business. Another purpose may have been to make NAFSA aware of Defendants' infringement of the NAFSA Adviser's Manual and so to trigger the accrual of a copyright infringement claim for statute of limitations purposes, pursuant to 17 U.S.C. § 507(b).

20.    Using the password-protected access to the VisaBasics website provided by Defendants Blough and Brummett, NAFSA discovered that the site contains extensive portions of material copied from the NAFSA Adviser's Manual.

21.    By way of example and not of limitation, Exhibit 1 to this Complaint shows that Items 1-5 under "Overview of F-1 Practical Training" on the VisaBasics web site correspond closely to Items 3.19.3.1 – 3.19.3.5 of the NAFSA Adviser's Manual as shown in Exhibit 2 to this Complaint. In particular, Items 2-5 of the web site very closely track Items 3.19.3.2 – 3.19.3.5 of the Manual. In addition, the "Practice note" concerning the "Status of this exception under SEVIS" (NAFSA Adviser's Manual, Exhibit 2 at 3-152) has been carried over to the VisaBasics web site. (Exhibit 1 at 2) A large number portions of the NAFSA Adviser's Manual are similarly copied on the VisaBasics web site.

22.    The VisaBasics web site identifies the material copied from the NAFSA Adviser's Manual as being subject to a copyright owned by Defendant Brummett.

23.    The conduct of Defendants Brummett and Blough as alleged in this Complaint is willful and outrageous, showing a complete disregard for the rights of NAFSA.

8

## IV.  COUNT

### Copyright Infringement

24.    Each and every allegation of Paragraphs 1-23 is incorporated by reference as if fully restated herein.

25.    NAFSA owns a valid copyright in the NAFSA Adviser's Manual.

26.    Defendants Brummett and Blough have had access to the NAFSA Adviser's Manual.

27.    Material on the VisaBasics web site is substantially similar to material in the NAFSA Adviser's Manual.

28.    Defendants Blough and Brummett copied the copyrighted NAFSA Adviser's Manual.

29.    NAFSA is harmed by the copyright infringement of Defendants Blough and Brummett.

30.    The conduct of Defendants Brummett and Blough alleged herein is willful and outrageous, showing a complete disregard for the rights of NAFSA.

### PRAYER FOR RELIEF

WHEREFORE, in view of the foregoing, Plaintiff hereby prays for relief as follows:

a.    Compensatory damages.

b.    Recovery of the infringers' profits under the Copyright Act.

c.    Recovery of costs and attorneys fees of bringing this action, to the extent permitted by law.

d.    Punitive damages.

e.      Injunctive relief requiring Defendants to stop infringing Plaintiff's copyrighted

work.

f.      Injunctive relief requiring Defendants to stop claiming authorship or copyright

ownership of Plaintiff's copyrighted work.

g.      Injunctive relief requiring Defendants to eliminate all extant claims of authorship

or copyright ownership of Plaintiff's copyrighted work.

h.      Such other legal and equitable relief as this Court deems to be appropriate.

## **JURY DEMAND**

Trial by jury is demanded.

Date: February 9, 2006                    Respectfully submitted,

                                          Robert N. Cook (Bar No. 426058)
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-9400 (fax)


Counsel for Plaintiff
NAFSA: ASSOCIATION OF
        INTERNATIONAL EDUCATORS

Of Counsel:

Michael E. Whitham
Philana S. Handler
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-9400 (fax)

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| NAFSA: ASSOCIATION OF<br>    INTERNATIONAL EDUCATORS,<br>                      Plaintiff,<br>v.<br><br>SUZANNE BRUMMETT and<br>SUZANNE BLOUGH,<br>d/b/a VISABASICS,<br>                    Defendants. | )<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>) |

_____

## <u>EXHIBITS TO COMPLAINT</u>

The following documents are provided as exhibits to the Complaint filed in the

above-captioned matter by Plaintiff NAFSA: Association of International Educators:

      Exhibit A:  Excerpt from the VisaBasics Web Site:
                       F-1 Employment Overview and Social Security Info,
                       http://www.visabasics.com/Default.aspx?PageContentID=20&tabid=
                       66 (As of November 3, 2005)

      Exhibit B:  Excerpt from the NAFSA Adviser's Manual:
                       Aspects of Practical Training shared by CPT and OPT, §§ 3.19.3.1 –
                       3.19.3.5 (2005 Release)

Exhibit A

Excerpt from the VisaBasics Web Site:
F-1 Employment Overview and Social Security Info,
http://www.visabasics.com/Default.aspx?PageContentID=20&tabid=66
(As of November 3, 2005)

# VisaBasics
## The Online Immigration Source for U.S. Study and Research

**Home**   **About Us**   **Visas**   **Travel**   **FAQs**   **Glossary**   **Links**   **Site Map**   **Contact Us**

David Fosnocht   Logout   Search

Thursday, November 03, 2005

..::: Visas » F-1 Students » F-1 Employment Overview and Social Security
Info :::..

## Visa Categories

F-1 Students

J-1 Exchange Visitors

M-1 Vocational Students

## F-1 Students

F-1 FAQs

F-1 Helpful Links

F-1 Overview

Maintaining F-1 Status

F-1 Employment

Travel for F-1

F-2 Spouse Status

---

## F-1 Students

F-1 Employment Overview and Social Security Info | F-1 On-Campus Employment | F-1 Off-campus
Employment | Special Student Relief employment | Practical Training Overview | Optional Practical Training
(OPT) | OPT FAQs | Curricular Practical Training (CPT)

## Overview of F-1 Practical Training

Practical training is defined as "temporary employment authorization designed to facilitate the obtainment
of practical experience in an area related to the F-1 student's field and level of study." There are two types of
practical training:

1. Curricular practical training (CPT); and
2. Optional practical training (OPT).

Both OPT and CPT can be granted for part-time (20 hours per week or less) or full-time (over 20 hours per
week) employment. Only F-1 students enrolled in a DHS-approved college, university, conservatory or seminary
are eligible to apply for CPT and OPT. **Students in intensive English language training programs are not
eligible for either type of practical training.**

While the regulations state that an F-1 student must have been "lawfully enrolled on a full-time basis in a
Service-approved college, university , conservatory or seminary for one full academic year" to be eligible for CPT
and OPT, there are some important exceptions and interpretive issues for this rule. They are as follows:

**1.) Students authorized by a Designated School Official (DSO) to be registered for less than
full-time during the first academic year:**

■ The accepted interpretation, based on INS (now USCIS) Operation Instructions, state that "Students
who are taking a less than full course of study on the advice of the designated school official [DSO] are
considered in status and are not precluded from participation in practical training if they are also
otherwise eligible."

**2.) Use of time studying abroad towards the one academic year requirement:**

■ As long as you had spent at least one full academic term enrolled in a full course of study in the United
States prior to studying abroad, time spent enrolled in a study abroad program during the course of
study may be counted towards the one academic year requirement.

**Note:** This is still a gray area, however, regarding whether or not there is a 5-month limit on how long a study

http://www.visabasics.com/Default.aspx?PageContentID=20&tabid=00...

F-1 Employment Overview and Social Security Info

abroad student could continuously be outside of the U.S. while at the same time accruing time toward the one year academic requirement for practical training. Thus, this rule may be subject to other interpretations.

**3.) Graduate students enrolled in programs which require immediate participation in curricular practical training:**

- An F-1 *graduate* student may begin *curricular* practical training before he/she has been enrolled for one year *if the graduate program requires its students to engage in training prior to the completion of one full academic year.*

**4.) Students who have been reinstated after falling out of status:**

- If you had accumulated one full academic year in F-1 status before falling out of status, and you are subsequently approved for reinstatement to F-1 status, you may use that time to satisfy the one full academic year requirement. However, if you had **not** accumulated one full academic year before falling out of status, once the reinstatement is approved, the full academic year clock begins again.

**5.) Time spent studying full-time in a status other than F-1:**

Previously, an F-1 student who was lawfully enrolled as a full-time student at a Service approved school in another nonimmigrant status that allows full-time study was permitted to count the time spent studying in that status toward meeting the 9-month requirement. However, since SEVIS does not allow someone to enter a start date in the past when creating a SEVIS record to begin a new program or for change of status, it is not clear whether this exception will continue to exist in the SEVIS system.

Special Student Relief employment | Page 5 of 8 | Optional Practical Training (OPT)

F-1 Public Secondary

Border Commuter Students






**Copyright 2005 Suzanne G. Brummett   Terms Of Use   Privacy Statement**

Portal engine source code is copyright 2002-2005 by DotNetNuke. All Rights Reserved

NAFSA v. Brummett et al.
NAFSA 002
Exhibits to Complaint (D.D.C.)

Exhibit B


Excerpt from the NAFSA Adviser's Manual:
Aspects of Practical Training shared by CPT and OPT, §§ 3.19.3.1 – 3.19.3.5
(2005 Release)

•

NAFSA v. Brummett et al., Exhibits to Complaint (D.D.C.)

### 3.19.2    Limits on the amount of practical training that can be used

Both OPT and CPT can be granted for part-time (20 hours per week or less) or full-time (over 20 hours per week) employment.

§ **AM cross-reference**
For a discussion on limits to the amount of OPT that can be used, **See AM § 3.21.3**, "Limits on validity, duration, and availability of OPT" on page 3-163.

§ **AM cross-reference**
For a discussion on use of CPT and its impact on eligibility for OPT, **See AM § 3.20.3**, "Effect of use of CPT on eligibility for OPT" on page 3-154.

### 3.19.3    Requirement to be enrolled full-time for one full academic year

An F-1 student must have been "lawfully enrolled on a full-time basis in a Service-approved college, university, conservatory, or seminary for one full academic year" to be eligible for CPT or OPT.

**Historical note**    

Prior to January 1, 2003, the regulations had required lawful full-time enrollment for "nine consecutive months."

There are a number of important exceptions and interpretive issues related to the one full academic year requirement. The major ones are discussed below.

### 3.19.3.1    Students authorized for an RCL during the first academic year

A strict reading of the regulatory language at 8 C.F.R. § 214.2(f)(10) might result in the interpretation that a student not only has to be in status, but also has to have been enrolled "full-time" for a full academic year. This term has generally been interpreted, however, to allow F-1 students who were authorized under the regulations to be registered for less than full time (i.e., granted a "reduced course load" [RCL] **See AM § 3.12**, "Exceptions to the full-course-of-study requirement" on page 3-88) to count that time for purposes of the one full academic year requirement. INS Operations Instructions support this interpretation by stating that "Students who are taking a less than full course of study on the advice of the designated school official are considered in status and are not precluded from participation in practical training if they are also otherwise eligible."

Ŧ   OI 214.2(f)(10)(i)

### 3.19.3.2    Use of time studying abroad towards the one academic year requirement

The time that students spend enrolled in a study abroad program during their course of study can be counted towards the one academic year requirement, as long as the student

NAFSA v. Brummett et al.
NAFSA 003
Exhibits to Complaint (D.D.C.)

had spent at least one full academic year in F-1 status enrolled in a full course of study in the United States prior to studying abroad.

✝ 8 C.F.R. § 214.2(f)(10)

### 3.19.3.3    Graduate programs that require immediate participation in CPT

If a graduate program requires its students to engage in training prior to the completion of one full academic year, an F-1 student may begin *curricular* practical training before he or she has been enrolled for one year. This exception only applies to students enrolled in *graduate* studies, where the early participation is *required* by the graduate program, and is available for *curricular* practical training only, not optional practical training.

✝ 8 C.F.R. § 214.2(f)(10)(i)

### 3.19.3.4    Students who have been reinstated after falling out of status

If a student had accumulated one full academic year in F-1 status before falling out of status, and is subsequently reinstated to student status, he or she can use that time to satisfy the one full academic year requirement. If a student had not accumulated one full academic year before falling out of status, then the full academic year clock begins again after reinstatement has been granted.

✝ Letter from Jacquelyn Bednarz, I.N.S., to Lisa Enfield, Esq. HQ214f-C (undated, 1993), reproduced in 70 *Interpreter Releases* 1120-21 (August 23, 1993)

### 3.19.3.5    Time spent studying full-time in a status other than F-1

INS Operations Instructions stated that to be eligible for practical training, an F-1 student need not have been specifically in F-1 status for 9 months, provided he or she was lawfully enrolled as a full-time student at an INS-(DHS) approved school in another nonimmigrant status that does not prohibit full-time study. For example, persons who were attending school full-time prior to changing to F-1 status as J-1 students, or as the dependents of A, E, G, H, J, L, O, and TN nonimmigrant categories, can use the time they spent studying in that status towards meeting the 9-month requirement. Aliens attending school full-time in violation of their status (INS viewed this as applying to principal aliens in B-2 status) could not take advantage of this provision. The current regulation at 8 C.F.R. § 214.2(f)(10) contains ambiguous wording which had allowed this policy to continue.

✝ OI 214.2(f)(14)(ix)

---

**Practice note**

| Status of this exception under SEVIS | Although the regulation referenced above was not changed by the December 2002 SEVIS rule, SEVIS does not allow someone to enter a start date in the past when creating a SEVIS record to begin a new program or for change of status, and so it is not clear whether this exception continues to exist in the SEVIS system. |
|---|---|

---

NAFSA Adviser's Manual  **(2005 release)**

NAFSA v. Brummett et al.
NAFSA 004
Exhibits to Complaint (D.D.C.)

Attachment B

Letter from R. Cook to S. Brummett and S. Blough (February 10, 2006) (w/o attachments)



# WHITHAM, CURTIS & CHRISTOFFERSON, P.C.
## INTELLECTUAL PROPERTY LAW

*Providing Global Intellectual Property Strategies & Solutions*

*Michael E. Whitham*
*Marshall M. Curtis*
*Clyde R Christofferson*
*Robert N. Cook*
*C. Lamont Whitham\**
*Mary E. Goulet\**
*Philana S. Handler*
   *\* of counsel*

*Registered Patent Agents:*
*Ruth E. Tyler-Cross, Ph.D.*
*Olga V. Merkoulova*
*Daniel A. Steinberg*

February 10, 2006

<u>VIA EMAIL, FAX, AND FEDEX</u>

Suzanne G. Brummett, Esq.
VisaBasics
17595 Harvard Ave., No. C-279
Irvine, California 92614
sbrummett@visabasics.com
(949) 705-6577 (fax)

Ms. Suzanne K. Blough
VisaBasics
1228 Vista Leaf Drive
Decatur, Georgia 30033
sblough@visabasics.com
(949) 705-6577 (fax)

Re:    NAFSA Material Posted on VisaBasics Web Site

Dear Mmes. Brummett and Blough:

I write on behalf of NAFSA: Association of International Educators ("NAFSA") concerning certain materials on Federal regulations affecting foreign students, which have been posted on the Internet under the name VisaBasics: The Online Immigration Source for U.S. Study and Research ("VisaBasics") at www.visabasics.com, www.usvisacampus.com, and perhaps other Internet addresses as well. It is our understanding that these materials are available on password-protected pages and can be viewed only by subscribers to the VisaBasics service. Based on the access to this material that you provided on October 31, 2005, to NAFSA's Director for Immigration Practice Resources, we have determined that VisaBasics is providing material that infringes NAFSA's copyright in the NAFSA Adviser's Manual of Federal Regulations Affecting Foreign Students and Scholars (the "NAFSA Adviser's Manual").

You should be aware that NAFSA has filed, but has not served, a complaint for copyright infringement in the United States District Court for the District of Columbia in connection with this matter (Case No. 1:06CV00243). This should not be interpreted as signaling a strong desire on the part of NAFSA to engage in litigation but should instead be interpreted as a precaution to avoid being called upon to defend a declaratory judgment action brought by VisaBasics in response to this letter. Service of the complaint is thus being deferred to provide an opportunity to resolve this matter without litigation, and NAFSA would be very pleased if it never becomes necessary to effect service of the complaint that has been filed. The complaint, filed on this date,

Suzanne G. Brummett, Esq.
Ms. Suzanne K. Blough
February 10, 2006
Page 2

is available on the Court's electronic filing system at https://ecf.dcd.uscourts.gov, though it may take two business days for the case to be entered into the system.

NAFSA is a Washington, D.C.-based member organization promoting international education and providing professional development opportunities. Since its inception in 1948, NAFSA has been engaged in setting standards and encouraging ethical conduct among individuals, institutions, and organizations active in the field of international educational exchange. NAFSA's activities include the publication and distribution of the NAFSA Adviser's Manual. Revenue from sales of the NAFSA Adviser's Manual represents a substantial part of NAFSA's operating revenue.

It is our understanding that Ms. Blough has been a member of NAFSA since 1985 and has been a user of the NAFSA Adviser's Manual for many years. Ms. Blough identified herself as an employee of VisaBasics in her NAFSA membership renewal application for the year beginning July 1, 2005, and membership dues for the year were paid by a check endorsed by Ms. Brummett, who also made arrangements for a VisaBasics representative to attend a NAFSA conference in Seattle, Washington, in or about May 2005 for the purpose of promoting VisaBasics.

The NAFSA Adviser's Manual is an original manual on aspects of U.S. immigration law relating to foreign students and scholars and is copyrightable subject matter under the laws of the United States. NAFSA has been and continues to be the sole proprietor of all rights, title, and interest in and to the copyright in the NAFSA Adviser's Manual. While registration is not a prerequisite to having a valid copyright, please note that the Copyright Registration Number for the 2005 version of the NAFSA Adviser's Manual is TX 6-256-460.

VisaBasics has copied protected expression from the NAFSA Adviser's Manual — in particular, but not exclusively, topic headings and the organization of factual material — for publication on the VisaBasics web site. By way of example and not of limitation, Attachment A shows Items 1-5 under "Overview of F-1 Practical Training" on the NAFSA web site. These pages correspond closely to Items 3.19.3.1 – 3.19.3.5 of the NAFSA Adviser's Manual as shown in Attachment B. The copying appears especially outrageous when one compares Items 2-5 of the web site to Items 3.19.3.2 – 3.19.3.5 of the Manual. In addition, the "Practice note" concerning the "Status of this exception under SEVIS" (NAFSA Adviser's Manual at 3-152) has been carried over to the VisaBasics web site. Other parts of the NAFSA Adviser's Manual have been similarly copied on the VisaBasics web site.

On behalf of NAFSA, therefore, we request that each of you, and VisaBasics, take the following actions:

Suzanne G. Brummett, Esq.
Ms. Suzanne K. Blough
February 10, 2006
Page 3

- Immediately agree to stop all infringement of NAFSA's copyrighted work. This may readily be done by taking down all infringing material from the web site. NAFSA does not oppose replacing infringing material with noninfringing material, as long as the infringing material is taken down immediately.
- Immediately agree to stop claiming authorship or copyright ownership of NAFSA's copyrighted work and immediately withdraw all extant claims of authorship or copyright ownership of NAFSA's copyrighted work.
- Immediately agree to cooperate with NAFSA in clearing up any confusion resulting from the infringement of the NAFSA Adviser's Manual as described above.

This matter is of great concern to NAFSA, and we request a prompt response outlining the steps being taken to stop VisaBasics's infringement of NAFSA's copyright. If we do not receive such a response by March 10, 2006, we will assume that you intend to continue to infringe and will proceed accordingly. We advise you to retain all documents (including, but not limited to, paper and electronic documents) in any way relating to any issue raised in the letter (including, but not limited to, any and all documents relating to the development of the VisaBasics web site and any and all copies of the NAFSA Adviser's Manual in the possession custody, or control of Ms. Brummett, Ms. Blough, or any other person in any way connected to VisaBasics). Such materials may become subject to discovery if we are unable to resolve this matter without litigation.

I await your response.

Very truly yours,

Robert N. Cook

Attachment C

Form of Affidavit of Suzanne Brummett

STATE OF CALIFORNIA    )
                       ) ss
COUNTY OF ORANGE       )

## AFFIDAVIT OF SUZANNE BRUMMETT

Now comes Suzanne Brummett, who, being duly sworn, deposes and states as follows:

1.     I am the Principal and Founder of VisaBasics: The Online Immigration Source for

U.S. Study and Research ("VisaBasics"), an unincorporated business providing, via the Internet,

material on Federal regulations affecting foreign students and scholars.

2.     Suzanne Blough ("Blough")  was formerly the International Student and Scholar

Specialist for VisaBasics.

3.     On or about October 31, 2005, Blough sent an email to the Director for

Immigration Practice Resources at NAFSA: Association of International Educators ("NAFSA"),

which stated in part:

> As the former Director of the International Center at the University of California,
> Irvine, I am intimately familiar with the challenges of creating and maintaining a
> comprehensive, user-friendly, and up-to-date regulatory website for the
> institution's international student and scholar populations.  Based upon my
> experiences, and that of numerous colleagues, we designed VisaBasics.com to
> take the guesswork and frustration out of locating the most current and accurate
> immigration information relevant for study and/or research in the United States.

The same email was sent to me as a "cc:" recipient.

4.     On or about February 10, 2006, I was informed that, following a review of the

VisaBasics web site based on access provided to NAFSA with the email described in

Paragraph 3, above, NAFSA had filed a Complaint against Blough and me in the U.S. District

Court for the District of Columbia, seeking damages and injunctive relief for copyright

infringement.  The Complaint alleges that the VisaBasics web site includes material that is

substantially similar to material in the NAFSA Adviser's Manual of Federal Regulations Affecting Foreign Students and Scholars ("NAFSA Adviser's Manual").

     5.     I do not admit every allegation of the Complaint described in Paragraph 4, nor do I admit liability under that Complaint. I do admit, however, that, as of February 10, 2006, the VisaBasics web site included material that infringed on NAFSA's copyright in the NAFSA Adviser's Manual as alleged in the Complaint.

     6.     On or about March _17_, 2006, NAFSA and I entered into a Settlement Agreement making an amicable settlement of the dispute alleged in the Complaint described in Paragraph 4.

     7.     I affirm that any materials that are substantially similar to the NAFSA Adviser's Manual have been permanently removed from all VisaBasics web sites.

     Further the Affiant sayeth not.

                                    _Suzanne Brummett_    _3/17/2006_
                                        Suzanne Brummett         (Date)

     Subscribed and sworn before me this _17th_ day of March, 2006.
_by Suzanne Brummett, proved to me to be the person who appeared before me._

_Joel Brodsky_
Notary Public
My Commission expires _11-24-2008_

JOEL BRODSKY
Comm. #1527644
NOTARY PUBLIC-CALIFORNIA
Santa Cruz County
My Comm. Expires Nov. 24, 2008

Attachment D

Form of Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NAFSA: ASSOCIATION OF                )
    INTERNATIONAL EDUCATORS,     )
                    Plaintiff,     )
v.                                   )    Case No. 1:06CV000243 (RBW)
                               )
SUZANNE BRUMMETT and                 )
SUZANNE BLOUGH,                      )
d/b/a VISABASICS,                    )
                    Defendants.     )
                               )

## MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a)(2)

Plaintiff NAFSA: Association of International Educators ("Plaintiff"or "NAFSA")

hereby presents its unopposed motion, pursuant to Federal Rule of Civil Procedure 41(a)(2), for

voluntary dismissal without prejudice as to both Defendant Suzannne Brummett and Defendant

Suzannne Blough (collectively the "Defendants" and each individually a "Defendant").

In support of this Motion, Plaintiff makes the following representations:

1.      On February 10, 2006, Plaintiff filed its Complaint against the Defendants

seeking damages and injunctive relief for copyright infringement.  Also on that date, Plaintiff

informed Defendants that a Complaint had been filed but did not attempt to serve the Complaint

in order to provide an opportunity to resolve the matter without protracted litigation.

2.      As of March ___, 2006, NAFSA entered into separate settlement agreements with

each Defendant, attached hereto, making an amicable settlement of the copyright infringement

dispute alleged in the Complaint.  Section 1.3 of each settlement agreement provides that

"attachment of the Complaint to this Agreement shall not constitute service of the Complaint

pursuant to the Federal Rules of Civil Procedure."

3.      The settlement agreements require NAFSA to present this Motion and makes

NAFSA's discharge and release of the Defendants contingent upon this Court's dismissal of the

Complaint without prejudice pursuant to this Motion.

4.      As a result of the settlement agreements, and acting in reliance thereon, Plaintiff

submits that prompt dismissal of this matter prior to service of the Complaint, without requiring

the Defendants to retain local counsel and file a responsive pleading, is in the interest of justice.

5.      Federal Rule of Civil Procedure 41(a)(2) authorizes the relief requested.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court dismiss the

Complaint in the above-captioned matter without prejudice.  Plaintiff further requests that this

unopposed motion be decided without oral argument.

Date: March ___, 2006                          Respectfully submitted,


                                               _____
                                               Robert N. Cook (Bar No. 426058)
                                               Whitham, Curtis, Christofferson & Cook, P.C.
                                               11491 Sunset Hills Road, Suite 340
                                               Reston, Virginia 20190
                                               (703) 787-9400 (voice)
                                               (703) 787-9400 (fax)

                                               Counsel for Plaintiff
                                               NAFSA: ASSOCIATION OF
                                                     INTERNATIONAL EDUCATORS

*Of Counsel*:
Michael E. Whitham
Philana S. Handler
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-9400 (fax)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
　　　　　　　　　　　　　　　　　　　　）
NAFSA: ASSOCIATION OF　　　　　　　　　 ）
　　　INTERNATIONAL EDUCATORS,　　　　 ）
　　　　　　　　　　　　　Plaintiff,　　　　 ）
v.　　　　　　　　　　　　　　　　　　　　 ）　　Case No. 1:06CV000243 (RBW)
　　　　　　　　　　　　　　　　　　　　）
SUZANNE BRUMMETT and　　　　　　　　 ）
SUZANNE BLOUGH,　　　　　　　　　　　 ）
d/b/a VISABASICS,　　　　　　　　　　　　）
　　　　　　　　　　　　　Defendants.　　 ）
_____)

## <u>ORDER</u>

THIS MATTER comes before the Court on the unopposed Motion for Voluntary

Dismissal Pursuant to Rule 41(a)(2) of Plaintiff NAFSA: Association of International Educators

(the "Motion").  The Motion requests dismissal without prejudice as to both Defendant Suzannne

Brummett and Defendant Suzannne Blough on the basis that settlement agreements have been

reached with each Defendant and that prompt dismissal without requiring Defendants to file a

responsive pleading is in the interest of justice.  Upon due consideration, and upon consideration

of the settlement agreements and the representations made therein, Plaintiff's Motion is hereby

GRANTED pursuant to Rule 41(a)(2).  The pending Complaint against Defendants Brummett

and Blough is DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

ENTERED this ___ day of _____, 2006.


_____
THE HONORABLE REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE

ATTORNEY ENTITLED TO NOTICE OF ORDER


Pursuant to LCvR 7(k), the following attorney is entitled to notice of the foregoing Order:


Robert N. Cook
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Rd., Suite 340
Reston, Virginia 20190
(703) 787-9400
(703) 787-7557 (fax)

Counsel for Plaintiff
NAFSA: ASSOCIATION OF
    INTERNATIONAL EDUCATORS